UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONTURA TRADING POST, INC., IRMA
BRANAMAN, JAMES M. DICKSON, MARLON
MEDRANO, SUSANA DE SANTIAGO,
individually, as the Personal
Representative of the Estate of
Antonio De Santiago, and as the
Guardian of Antonio De Santiago's
minor children,

        Plaintiffs,

vs.                 Case No.  2:05-cv-378-FtM-29DNF

CENTURY SURETY COMPANY,

        Defendant.
_____

**OPINION AND ORDER**

_____This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. #19) filed on December 8, 2005.  Plaintiffs filed their responses on March 20, 2006.  (Docs. #36, 37.) Defendant filed exhibits in support of its brief, and with the Court's permission, filed a Reply on March 30, 2006.  (Doc. #43.)

**I.**

    Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if it may affect the

outcome of the suit under governing law. <u>Id.</u>  The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which the movant believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Rice-Lamar v. City of Ft. Lauderdale, Fla.</u>, 232 F.3d 836, 840 (11th Cir. 2000), <u>cert. denied</u>, 534 U.S. 815 (2001). In order to avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. <u>Celotex Corp.</u>, 477 U.S. at 322; <u>Hilburn v. Murata Elecs. N. Am., Inc.</u>, 181 F.3d 1220, 1225 (11th Cir. 1999).  In ruling on a motion for summary judgment, if there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party.  <u>Shotz v. City of Plantation, Fla.</u>, 344 F.3d 1161, 1164 (11th Cir. 2003).

## II.

Viewed in the light most favorable to plaintiffs, the summary judgment facts are as follows: Defendant Century Surety Company (Century or defendant), a foreign corporation, entered into an agreement with plaintiff Montura Trading Post, Inc. (Montura), a

Florida corporation.  Pursuant to the agreement, defendant provided a commercial general liability coverage policy (the Policy) for Montura's business operations, which were conducted on the premises located at 335 County Road 833 in Hendry County, Florida, for the relevant period of time.

Susana de Santiago (Mrs. de Santiago) brought a wrongful death action in the Circuit Court of the Eleventh Judicial Circuit in and for Hendry County, Florida.[1]  An Amended Complaint filed in state court alleged that "[o]n December 13, 2003, Antonio de Santiago (the "Decedent") was an invitee of Montura Trading Post and its premises of a convenience store, gas station, storage warehouses and billiard room located at 335 County Road 833 in Hendry County, Florida (the "premises") where he was beaten by Juan Ignacio Cedeno Lopez about the face and jabbed with a pool stick in the left eyebrow area which penetrated the eye and left splinters in the brain area and killed Antonio de Santiago."  (Doc. #20-2, ¶ 12).  The Amended Complaint further alleges that "[i]n fact, the Decedent had been attacked, that day December 13, 2003, numerous times at the location, at the time of his death, in different areas of the premises while the agents and owners of the premises did nothing to reasonably protect the safety of it's customer, the Decedent, nor took any reasonable steps to mitigate against the attack

---

[1]The underlying state action is titled <u>Susana de Santiago v. Montura Trading Post, Inc., Branaman, Dickson, Medrano, Lopez</u>, Case No. 2004-366-CA.

perpetrated upon him." Id.  The Amended Complaint continued: "As the Decedent attempted to get away from his attacker and was able to enter his vehicle, his killer reached him, continued his attack, while [the other defendants] did nothing to reasonably protect the decedent.  Antonio de Santiago died as a result of the attack at the premises and the negligence of [the defendants]." Id.

Mrs. De Santiago named as defendants Lopez and Montura, as well as Irma Branaman, James M. Dickson, and Marlon Medrano, who were allegedly the owners/operators of the Montura's business operations located at the subject premises.  In the Amended Complaint, Mrs. de Santiago makes similar factual allegations against defendants Montura, Branaman, Dickson, and Medrano, asserting that each:

> [F]ailed to take reasonable precautions to provide for the safety of its' [sic] business invites including Decedent Antonio De Santiago, by doing or failing to do one or more of the following:
>
> a.  By carelessly and/or negligently failing to provide reasonably adequate security, security guards or any security whatsoever for its business invitees, including Plaintiff herein; and/or
>
> b.  By failing to warn its business invitees of the likelihood of physical harm caused by the intentional criminal or harmful acts of third persons; and/or
>
> c.  By carelessly and/or negligently permitting dangerous and potentially violent individuals, including but not limited to Plaintiff's assailant, to remain and/or loiter on or about the aforesaid premises during the afternoon hours of October 20, 2002; and/or
>
> d.  By carelessly and/or negligently failing to warn its business invitees, including Plaintiff herein, of the presence of dangerous and potentially violent individuals

roaming and/or loitering on or about Defendant's premises; and/or

e. By carelessly and/or negligently failing to maintain its premises including the common elements in a reasonably safe and/or secure condition so as to prevent or deter reasonably foreseeable criminal acts of third persons; and/or

f. By carelessly and/or negligently failing to provide its business invitees with safe ingress and egress.

(Doc. #20-2, pp. 8, 11, 14, 18).   As to defendant Lopez, the Amended Complaint alleges that he "negligently and deliberately caused the death of Antonio de Santiago."   (Doc. #20-2, ¶ 60). This case remains pending in the state court.

On July 13, 2005, Montura, Branaman, Dickson, and Medrano filed a Complaint for Declaratory Relief in state court seeking a declaration that the incident complained of in the wrongful death complaint is covered by the Policy and that defendant owed a duty and responsibility to defend the claims made against its insured under the Policy.   On August 9, 2005, Century removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.   (Doc. #1-1.) On December 2, 2005, the Court granted defendant's motion to join Mrs. De Santiago as a plaintiff.   (Doc. #18.)   Defendant now asserts that judgment should be entered in its behalf declaring that defendant has no duty to defend the wrongful death suit and the Policy provides no coverage for that conduct.

**III.**

"Under the Erie doctrine, a federal court adjudicating state law claims applies the substantive law of the state."   Sphinx

-5-

Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 412
F.3d 1224, 1227 (11th Cir. 2005)(quotation omitted, citing Erie
R.R. Co. v. Tompkins, 304 U.S. 64 (1938)). "The construction of
insurance contracts is governed by substantive state law." Sphinx
Int'l, Inc., 412 F.3d at 1227 (quoting Provau v. State Farm Mut.
Auto. Ins. Co., 772 F.2d 817, 819 (11th Cir. 1985)).  Thus, the
Court evaluates the insurance policy in this case under Florida
law.

     "It is clear that a liability insurer's obligation to defend
a claim made against the insured must be determined solely from the
allegations in the complaint.  The duty to defend arises when the
complaint alleges facts that fairly and potentially bring the suit
within policy coverage."  State Farm Fire and Casualty Co. v.
Higgins, 788 So. 2d 992, 995 (Fla. 4th DCA 2001). "If the
allegations in a complaint when fairly read, allege facts which
create potential coverage under the policy, the insurer must defend
the lawsuit."  Cabezas v. Fla. Farm Bureau Cas. Ins. Co., 830 So.
2d 156, 158 (Fla. 3rd DCA 2002)(emphasis in original).  "Any doubt
about the duty to defend must be resolved in favor of the insured."
Smith v. Gen. Accident Ins. Co. of Am., 641 So. 2d 123, 124 (Fla.
4th DCA 1994).  "Thus, the duty to defend is broader than the duty
to indemnify, in the sense that the insurer must defend even if the
facts alleged are actually untrue or the legal theories unsound."
Higgins, 788 So. 2d at 996.  "However, if the pleadings show the
applicability of a policy exclusion, the insurer has no duty to

defend." <u>State Farm Fire & Cas. Co. v. Tippett</u>, 864 So. 2d 31, 35 (Fla. 4th DCA 2003).

An amended complaint supersedes an earlier complaint when it does not express an intention to save any portion of the original complaint, and in such a situation the allegations of the amended complaint control the duty to defend. <u>Higgins</u>, 788 So. 2d at 995. In this case, the Amended Complaint superceded the original complaint, and therefore the Court looks to the allegations in the Amended Complaint as to the duty of defendant to defend the underlying case.

With regard to insurance coverage, the relevant Florida legal principles governing interpretation of an insurance policy have recently been summarized in <u>Sphinx Int'l, Inc.</u>:

> Florida courts have said again and again that insurance contracts must be construed in accordance with the plain language of the policy. However, if the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and the [other] limiting coverage, the insurance policy is considered ambiguous. Such ambiguities are construed in favor of the insured and strictly against the drafter. And in cases such as this one that involve exclusions to insurance contracts, the rule is even clearer in favor of strict construction against the insurer: "exclusionary provisions which are ambiguous or otherwise susceptible to more than one meaning must be construed in favor of the insured. But courts should not strain to find ambiguity. Only when a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction is the rule [about ambiguity] apposite. In sum, if there is no genuine ambiguity, there is no reason to bypass the policy's plain meaning.

412 F.3d at 1227-28 (citations and internal quotations omitted). See also Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc., 420 F.3d 1317, 1327 (11th Cir. 2005)(quotation and citation omitted).

**IV.**

Defendant contends that under the Policy it owes no duty to defend or indemnify plaintiffs Montura, Branaman, Dickson, and Medrano in the underlying wrongful death action brought by plaintiff Mrs. de Santiago in state court. Specifically, defendant asserts that section A(8) of the Special Exclusions and Limitations Endorsement and the Exclusion – Assault and Battery endorsement preclude the duty to defend or indemnify. Plaintiffs respond that because the claims involve negligence and not an intentional tort such as assault and battery, the claims do not fall under any of the policy exclusions, and defendant is obligated to defend and indemnify the underlying action in state court.

The Special Exclusions and Limitations Endorsement to the Policy states in pertinent part:

> A.  In consideration of the premium charges this policy has been issued subject to the following exclusions being added to Coverages A & B:
>
> This insurance does not apply to:
>
> . . .
>
> 8.  Failure to Maintain Secure or Safe Premises
> Claims arising out of, caused by, resulting from, or alleging, in  whole or in part, any insured or additional insured's failure to thwart, foil, avoid, hinder, stop, lessen or prevent any attack, fight, assault, theft, or

crime.   The company has no obligation to defend or indemnify any such claims.

. . .

(Doc. #1-2, p. 18.)

Additionally, the Exclusion – Assault and Battery endorsement

to the Policy states:

1.   This insurance does not apply to "bodily injury", "property damage", or "personal advertising injury" arising out of or resulting from:

(a) any actual, threatened or alleged assault or battery;

(b) the failure of any insured or anyone else for whom any insured is or could be held legally liable to prevent or suppress any assault or battery;

(c) the failure of any insured or anyone else for whom any insured is or could be held legally liable to render or secure medical treatment necessitated by any assault or battery;

(d) the rendering of medical treatment by any insured or anyone else for whom any insured is or could be held legally liable that was necessitated by any assault or battery;

(e) the negligent:

(i) employment;
(ii) investigation;
(iii) supervision;
(iv) training;
(v) retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by **1. (a), (b), (c) or (d)** above,

(f) any other cause of action or claim arising out of or as a result of **1. (a), (b), (c) or (d)** above.

2.   We shall have no duty to defend or indemnify any claim, demand, suit, action, litigation, arbitration,

alternative dispute resolution or other judicial or administrative proceeding seeking damages, equitable relief, injunctive relief, or administrative relief where:

(a) any actual or alleged injury arises out of any combination of an assault or battery-related cause and a non-assault or battery-related cause.

(b) any actual or alleged injury arises out of a chain of events which includes assault or battery, regardless of whether the assault or battery is the initial precipitating event or a substantial cause of injury.

(c) any actual or alleged injury arises out of assault or battery as a concurrent cause of injury, regardless of whether the assault or battery is the proximate cause of injury.

. . .

(Doc. #1-3, p. 2.)

After reviewing the record, the Court finds that defendant is not obligated to defend or indemnify plaintiffs for the underlying state action. The "Failure to Secure and Safe Premises" exclusion provision of the Policy provides that insurance does not apply to, and defendant has no obligation to defend or indemnify, (1) claims, (2) arising out of, caused by, resulting from, or alleging, (3) in whole or in part, (4) any insured or additional insured's (5) failure to thwart, foil, avoid, hinder, stop, lessen or prevent, (6) any attack, fight, assault, theft, or crime. All elements of this exclusion are plead in the Amended Complaint. The causes of action set forth in the Amended Complaint constitute "claims" within the meaning of the Policy. The claims clearly satisfy the "arising out of, caused by, resulting from, or alleging"

requirement.  The Florida courts have defined and applied the term "arising out of" as "broader in meaning than the term 'caused by' and mean[ing] 'originating from,' 'having its origin in,' 'growing out of,' 'flowing from,' 'incident to,' or 'having connection with.'"  Hagen v. Aetna Cas. & Surety Co., 675 So. 2d 963, 965 (Fla. 5th DCA 1996) (citing National Indem. Co. v. Corbo, 248 So. 2d 238 (Fla. 3d DCA 1971)).  See also Guideone Elite Ins. Co., 420 F.3d at 1327 ("The Florida courts have held that use of the phrase 'arising out of' indicates a 'causal relationship' to the incident.").  The Amended Complaint alleges that the negligence on the part of Montura, Branaman, Dickson, and Medrano was connected to the attack on Mr. de Santiago.  The "in whole or in part" requirement is clearly satisfied by the allegations of the Amended Complaint, as is the requirement that the conduct be by "any insured or additional insured."  The conduct excluded from coverage is the "failure to thwart, foil, avoid, hinder, stop, lessen or prevent, any attack, fight, assault, theft, or crime," and both components of these requirements are satisfied.  The Amended Complaint clearly describes conduct by defendants which constitute a failure to "thwart, foil, avoid, hinder, stop, lessen or prevent."  No limitation is placed on the exclusion as to whether the failure must be the result of intentional conduct or negligent conduct.  Finally, the type of activity to which this failure relates - "any attack, fight, assault, theft, or crime," (emphasis

added) - is clearly satisfied by the description of the attack in the Amended Complaint.

Additionally, the Exclusion – Assault and Battery endorsement unambiguously excludes a duty to defend and coverage under the facts alleged in the Amended Complaint.  This endorsement states that defendant does not have a duty to defend a claim seeking damages where "any actual or alleged injury arises out of a chain of events which includes assault or battery, regardless of whether the assault or battery is the initial precipitating event or a substantial cause of injury."  (Doc. #1-3, p. 2.)  The language also states that defendant has no duty to defend or indemnify any claim where "any actual or alleged injury arises out of any combination of an assault or battery-related cause and a non-assault or battery-related cause."  (Id.)  The endorsement explicitly states that the insurance policy does not cover "the insured or anyone else for whom any insured is or could be held legally liable" whose actions may give rise to bodily injury resulting from an assault and battery event.  (Id.)

The Court finds that this exclusionary clause excludes from coverage, and precludes any duty to defend, the actions described in the Amended Complaint resulting in Mr. de Santiago's death from the attack and any negligence of the individual defendants in connection with the attack.  The facts alleged in the Amended Complaint clearly demonstrate that the conduct "arises out of a chain of events which includes assault or battery, regardless of

whether the assault or battery is the initial precipitating event or a substantial cause of injury," and/or that "any actual or alleged injury arises out of any combination of an assault or battery-related cause and a non-assault or battery-related cause." Thus, the Court finds that Century has no duty to defend plaintiffs in the underlying state action, and the Court concludes defendant's Motion for Summary Judgment is due to granted.

In sum, the Court finds that defendant has no duty to defend or indemnify plaintiffs because the allegations in the Amended Complaint, when fairly read, brings the underlying case within the exclusion provisions of the Policy.

Accordingly, it is now

**ORDERED**:

1.   Defendant's Motion for Summary Judgment (Doc. #19) is **GRANTED**.  Defendant has no duty to defend or provide coverage to any insured or purported insured in the underlying state action stated herein.

2.   The Clerk of the Court shall enter judgment in favor of defendant Century Surety Company and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __7th__ day of July, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record